```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

GEORGE AGENT,

               Petitioner,

vs.                        Case No.  2:12-cv-317-FtM-29SPC
                             Case No.  2:93-cr-102-FTM-29SPC

UNITED STATES OF AMERICA,

               Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on review of petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) filed on June 8, 2012.  For the reasons stated below, the Court will dismiss the Motion for lack of jurisdiction.

    On January 31, 2006, the Court issued an Opinion and Order (Cr. Doc. #1017) denying petitioner's previously filed Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  See Case No. 2:02-cv-628-FTM-29DNF. An Amended Judgment was entered in the corresponding civil case on February 1, 2006, and the Eleventh Circuit denied petitioner a certificate of appealability on June 28, 2006.  Id., Docs. ## 10, 16.  To file a second or successive Motion under Section 2255, petitioner must obtain certification from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2255(h); Morales v. Fla. Dep't of

Corr., 346 F. App'x 539 (11th Cir. 2009). Petitioner has not indicated that such certification was received and in the absence of an order authorizing the undersigned to consider a second or successive motion, the current Motion must be dismissed for lack of jurisdiction. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) is **dismissed** for lack of jurisdiction.

2. The Clerk shall enter judgment accordingly, file a copy of the judgment in the criminal case file, terminate all deadlines, and close the civil file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further'", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  The Court finds that petitioner has failed to meet these standards by failing to first seek permission from the Eleventh Circuit Court of Appeals.  Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of June, 2012.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Parties of Record